UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CLAUDIA ZOROVICH,

　　　　　　　　Plaintiff,

vs.

CONDOTTI SHOPS USA, INC., a Florida
Corporation and IRWIN E. TAUBER,
individually,

　　　　　　　　Defendants.

_____/

**97-3113**
CIV-UNGARO-BENAGES
MAGISTRATE JUDGE
BANDSTRA

## COMPLAINT

　　The Plaintiff, CLAUDIA ZOROVICH, sues the Defendants, CONDOTTI SHOPS USA,

INC., a Florida Corporation and IRWIN E. TAUBER, individually (sometimes jointly referred to

as "Defendants") and alleges:

### ALLEGATIONS COMMON TO ALL COUNTS
### PARTIES

　　1.　　CLAUDIA ZOROVICH ("ZOROVICH"): ZOROVICH is an individual residing in

Dade County, Florida and is sui juris.

　　2.　　CANDOTTI SHOPS USA, INC.("CANDOTTI"): CANDOTTI is a corporation

organized and existing under the laws of the State of Florida which does business in Dade County,

Florida.

　　3.　　IRWIN TAUBER ("TAUBER"): TAUBER is an individual residing in Dade County,

Florida and is sui juris. At all times material hereto, TAUBER was the President and CEO of

-1-



Claudia Zorovich v.
Condotti Shops USA, Inc.
and Irwin E. Tauber, Individually

CONDOTTI.

## JURISDICTION AND VENUE

4.  <u>Jurisdiction:</u>  This Court has jurisdiction over the subject matter of this action

pursuant to 28 U.S.C. §1331 because the action arises under Title VII of the Civil Rights Act, 42

U.S.C. §2000e-5 ("Title VII") and because the amount in controversy is in excess of $75,000.00

exclusive of attorneys fees and costs.

5.  <u>Venue:</u>  Venue is proper by virtue of the fact that CONDOTTI does business in the

Southern District of Florida, ZOROVICH and TAUBER are residents of the Southern District of

Florida and the acts complained of herein primarily took place in the Southern District of Florida.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

6.  <u>Notice of Right To Sue:</u>  ZOROVICH timely filed with the Metropolitan Dade

County Equal Opportunity Board and the Equal Employment Opportunity Commission (EEOC) a

Charge of Discrimination against Defendants.  ZOROVICH received a notice of right to sue from

the EEOC within ninety (90) days of the filing of this Complaint.  A copy of the notice of right to

sue is attached hereto as Exhibit "A" and incorporated herein by reference.

## GENERAL ALLEGATIONS

7.  <u>Employment Contract:</u> On June 28, 1996, TAUBER, as President and CEO of

CONDOTTI, sent a letter to ZOROVICH confirming the negotiated terms of her employment as

"Corporate Merchandising/Administrative Store Director" at a Fendi boutique owned and operated

by CONDOTTI.  A copy of the letter agreement, (the "Agreement"), is attached hereto as Exhibit

-2-

Claudia Zorovich v.
Condotti Shops USA, Inc.
and Irwin E. Tauber, Individually

"B" and incorporated herein by reference.

8.      Definite Term of Employment: Pursuant to the Agreement between ZOROVICH and CONDOTTI, ZOROVICH was to be employed for an initial term of 17.5 months commencing on July 15, 1996 and ending on December 31, 1997 and was to be compensated in accordance with the terms of Exhibit "B". The terms of ZOROVICH's compensation package were subject to mutual review by the parties on January 1, 1998.

9.      Wrongful Discharge: Contrary to the terms of the Agreement, CONDOTTI sent a letter to ZOROVICH on December 13, 1996 advising that her employment had been terminated. A copy of said termination letter is attached hereto as Exhibit "C" and incorporated herein by reference.

10.      Purported Release: CONDOTTI required ZOROVICH to sign the letter attached hereto as Exhibit "D" before CONDOTTI would deliver payment to ZOROVICH for the pay period ending December 13, 1996 and reimbursement for expenses relating to a trip to California. To the extent that said letter was intended to limit claims against CONDOTTI, ZOROVICH understood any such limitation or waiver to be applicable only to the matters covered by the check as set forth in the first Paragraph of the Agreement. At no time did ZOROVICH intend or understand the letter to be deemed or construed as a general release of any other claims against CONDOTTI.

## COUNT I
## BREACH OF CONTRACT

Plaintiff repeats and realleges the allegations of Paragraph 1 through 10 above as if fully set forth herein and further alleges:

-3-

Claudia Zorovich v.
Condotti Shops USA, Inc.
and Irwin E. Tauber, Individually

11.    Prior Employment:  ZOROVICH was a successful ten year employee with the Burdines/Federated Chain of Stores, where she was  highly successful and highly compensated.

12.    Inducement by CONDOTTI:  She only agreed to leave Burdines upon promises of longtime employment and payment of a percentage of the gross sales made by TAUBER on behalf of CONDOTTI.  In addition, ZOROVICH was caused to believe that the employment relationship with CONDOTTI would be based upon good faith, that all employees would be treated equally and fairly, that employees would be judged on the basis of individual merit and ability and that CONDOTTI would adhere to uniform personnel policies and procedures.

13.    Written Offer:  CONDOTTI extended a written offer of employment to ZOROVICH which was offer accepted by ZOROVICH.  A copy of the letter agreement, (the "Agreement"), confirming the terms of such employment is attached hereto as Exhibit "B" and incorporated herein by reference.

14.    Personnel Policies and Procedures:  In addition, ZOROVICH's employment by CONDOTTI was governed by various personnel policies, procedures, practices and guidelines.

15.    Breach of Agreement by CONDOTTI: The Agreement was breached by CONDOTTI on December 13, 1996 by virtue of CONDOTTI's wrongful termination of ZOROVICH's employment.

16.    Performance by ZOROVICH: Prior to ZOROVICH's discharge, ZOROVICH fully performed all conditions, covenants, promises, duties and responsibilities required of her.

17.    Damages: As a result of the breach by CONDOTTI, ZOROVICH has sustained

-4-

Claudia Zorovich v.
Condotti Shops USA, Inc.
and Irwin E. Tauber, Individually

damages as follows:

a.    ZOROVICH did not receive the balance of her Base Salary due under the Agreement for the remainder of 1996, and the entire 1997 contractual obligation.

b.    Accounting for Percentage Profits: ZOROVICH did not receive payment of the 1.5% bonus based upon the increase in profits of CONDOTTI as specified by the Agreement.

c.    Other Benefits: CONDOTTI further failed to pay other benefits to ZOROVICH including, but not limited to, insurance and parking.

18.    Attorneys Fees:    ZOROVICH has retained the undersigned attorneys to represent her in this action and has agreed to pay a reasonable fee for services rendered herein. ZOROVICH is entitled to the recovery of attorneys fees from CONDOTTI pursuant to the provisions of Florida Statutes §448.08.

Wherefore ZOROVICH prays for entry of Judgment against CONDOTTI for unpaid salary, together with unused vacation, together with the percentage of unpaid profits promised, benefits promised, reasonable attorneys fees, the costs of this action and for such other and further relief as this court deems just and proper.

## COUNT II
## VIOLATION OF FEDERAL LAW - SEXUAL HARASSMENT

Plaintiff repeats and realleges the allegations of Paragraph 1 through 10 above as if fully set forth herein and further alleges:

19.    Employer: CONDOTTI and TAUBER are "employers" within the meaning of Title VII.

-5-

Claudia Zorovich v.
Condotti Shops USA, Inc.
and Irwin E. Tauber, Individually

20.     Hostile Work Environment/Gender Discrimination: As more particularly set forth herein, TAUBER, in his capacity as an officer of CONDOTTI, exhibited no regard for female employees, regardless of their rank.  As a result, ZOROVICH was subjected to a hostile work environment that was detrimental to ZOROVICH's emotional health and interfered with the performance of her professional responsibilities.

21.     Hostile Conduct endured by ZOROVICH: During the course of her 5 ½ months of employment, ZOROVICH endured the following wrongful conduct:

a.      Overt Discriminatory Remarks:      At her interview, ZOROVICH overheard TAUBER's secretary say, "she's young and very good-looking, you're going to like her".  TAUBER then conducted the interview by improperly asking ZOROVICH what her family plans were and when she intended to have children.  TAUBER further went on to state his intolerance for a woman's family demands superseding work.

b.      Overt Sexual Advances: TAUBER made overt sexual advances to ZOROVICH both during a buying trip to Italy and during her tenure as senior management.

c.      Covert Sexual Advances:      TAUBER appeared to find it scintillating to control women and order them to model clothes.  Even though ZOROVICH was not employed as a model, in inappropriate circumstances, TAUBER required ZOROVICH to model uniforms, and other clothing.  While on the buying trip, TAUBER took ZOROVICH shopping for a bed for his home, a bathrobe and wanted

-6-

Claudia Zorovich v.
Condotti Shops USA, Inc.
and Irwin E. Tauber, Individually

her to ride on a moped with him.

d.   Overt Leering: TAUBER made no secret of his desire to leer at models on an almost

daily basis, paraded them throughout the store and exhibited inappropriate giddiness

as he reviewed their photographs and chose the models.

e.   Disparate Compensation: Similarly situated female employees of CONDOTTI

received vastly different compensation plans to wit: the better looking the employee,

the better the commission structure and wage.

22.   Ratification by CONDOTTI: CONDOTTI was aware of TAUBER's above described

conduct but took no action to stop it, thereby ratifying, sanctioning and condoning the conduct.

23.   Unlawful Conduct:   The conduct of CONDOTTI and TAUBER, as more

particularly described above, constitutes unlawful harassment and discrimination on the basis of sex

in violation of Title VII.

24.   Damages:   As a proximate result of the conduct of CONDOTTI and TAUBER,

as more particularly described above, ZOROVICH has suffered and continues to suffer damages

including, but not limited to:

a.   substantial losses in earnings;

b.   loss of retirement benefits and other employee benefits; and

c.   humiliation, mental pain and anguish.

25.   Attorneys Fees:   ZOROVICH has retained the undersigned attorneys to

represent her in this action and has agreed to pay a reasonable fee for services rendered herein.

-7-

Claudia Zorovich v.
Condotti Shops USA, Inc.
and Irwin E. Tauber, Individually

ZOROVICH is entitled to the recovery of attorneys fees from CONDOTTI and/or TAUBER

pursuant to the provisions of Title VII.

26.    Reservation of Right to Amend:    ZOROVICH believes that the above described

conduct was willful, wanton, malicious and reserves the right to amend this Complaint to seek

exemplary and punitive damages.

Wherefore ZOROVICH prays for entry of Judgment against CONDOTTI and TAUBER for

compensatory damages for lost earnings, lost retirement benefits and other employee benefits, for

humiliation, mental pain and anguish, reasonable attorneys fees, the costs of this action and for such

other and further relief as this court deems just and proper.

## COUNT III
## VIOLATION OF FEDERAL LAW - RETALIATORY DISCHARGE

Plaintiff repeats and realleges the allegations of Paragraph 1 through 10 above as if fully set

forth herein and further alleges:

27.    Employer:  CONDOTTI is an "employer" within the meaning of Title VII.

28.    Retaliatory Conduct:  ZOROVICH was terminated, in whole or in part, as a

consequence of her support of another female employee of CONDOTTI whom ZOROVICH believed

was wrongfully terminated for her refusal to acquiesce to the sexually harassing and discriminatory

work environment created by TAUBER at CONDOTTI.

29.    Unlawful Conduct:    The retaliatory conduct of CONDOTTI, as more particularly

described above, constitutes unlawful harassment and discrimination in violation of Title VII.

30.    Damages:    As a proximate result of the conduct of CONDOTTI as more

-8-

Claudia Zorovich v.
Condotti Shops USA, Inc.
and Irwin E. Tauber, Individually

particularly described above, ZOROVICH has suffered and continues to suffer damages including, but not limited to:

    a.    substantial losses in earnings;

    b.    loss of retirement benefits and other employee benefits; and

    c.    humiliation, mental pain and anguish.

31.    <u>Attorneys Fees:</u>    ZOROVICH has retained the undersigned attorneys to represent her in this action and has agreed to pay a reasonable fee for services rendered herein. ZOROVICH is entitled to the recovery of attorneys fees from CONDOTTI pursuant to the provisions of Title VII.

32.    <u>Reservation of Right to Amend:</u>    ZOROVICH believes that the above described conduct was willful, wanton, malicious and reserves the right to amend this Complaint to seek exemplary and punitive damages.

Wherefore ZOROVICH prays for entry of Judgment against CONDOTTI for compensatory damages for lost earnings, lost retirement benefits and other employee benefits, for humiliation, mental pain and anguish, reasonable attorneys fees, the costs of this action and for such other and further relief as this court deems just and proper.

## COUNT IV
## VIOLATION OF STATE LAW - SEXUAL HARASSMENT

Plaintiff repeats and realleges the allegations of Paragraph 1 through 10 above as if fully set forth herein and further alleges:

33.    <u>The Act:</u>    This action arises under the Florida Civil Rights Act of 1992, Florida

-9-

Claudia Zorovich v.
Condotti Shops USA, Inc.
and Irwin E. Tauber, Individually

Statutes §§760.01 through 760.11 (the "Act").

34.     <u>Person:</u>       ZOROVICH is a "person" within the meaning of the Act.

35.     <u>Employer:</u> CONDOTTI and TAUBER are "employers" within the meaning of the Act.

36.     <u>Hostile Work Environment/Gender Discrimination</u>: As more particularly set forth herein, TAUBER, in his capacity as an officer of CONDOTTI, exhibited no regard for female employees, regardless of their rank.  As a result, ZOROVICH was subjected to a hostile work environment that was detrimental to ZOROVICH's emotional health and interfered with the performance of her professional responsibilities.

37.     <u>Hostile Conduct endured by ZOROVICH:</u> During the course of her 5 ½ months of employment, ZOROVICH endured the following wrongful conduct:

a.     <u>Overt Discriminatory Remarks</u>:     At her interview, ZOROVICH overheard TAUBER's secretary say, "she's young and very good-looking, you're going to like her".  TAUBER then conducted the interview by improperly asking ZOROVICH what her family plans were and when she intended to have children.  TAUBER further went on to state his intolerance for a woman's family demands superseding work.

b.     <u>Overt Sexual Advances</u>: TAUBER made overt sexual advances to ZOROVICH both during a buying trip to Italy and during her tenure as senior management.

c.     <u>Covert Sexual Advances</u>:     TAUBER appeared to find it scintillating to control

-10-

Claudia Zorovich v.
Condotti Shops USA, Inc.
and Irwin E. Tauber, Individually

women and order them to model clothes. Even though ZOROVICH was not employed as a model, in inappropriate circumstances, TAUBER required ZOROVICH to model uniforms, and other clothing. While on the buying trip, TAUBER took ZOROVICH shopping for a bed for his home, a bathrobe and wanted her to ride on a moped with him.

d.   Overt Leering: TAUBER made no secret of his desire to leer at models on an almost daily basis, paraded them throughout the store and exhibited inappropriate giddiness as he reviewed their photographs and chose the models.

e.   Disparate Compensation: Similarly situated female employees of CONDOTTI received vastly different compensation plans to wit: the better looking the employee, the better the commission structure and wage.

38.   Ratification by CONDOTTI: CONDOTTI was aware of TAUBER's above described conduct but took no action to stop it, thereby ratifying, sanctioning and condoning the conduct.

39.   Unlawful Conduct:   The conduct of CONDOTTI and TAUBER, as more particularly described above, constitutes unlawful harassment and discrimination on the basis of sex in violation of the Act.

40.   Damages:   As a proximate result of the conduct of CONDOTTI and TAUBER, as more particularly described above, ZOROVICH has suffered and continues to suffer damages including, but not limited to:

a.   substantial losses in earnings;

-11-

Claudia Zorovich v.
Condotti Shops USA, Inc.
and Irwin E. Tauber, Individually

    b.    loss of retirement benefits and other employee benefits; and

    c.    humiliation, mental pain and anguish.

41.    <u>Attorneys Fees:</u>    ZOROVICH has retained the undersigned attorneys to represent her in this action and has agreed to pay a reasonable fee for services rendered herein. ZOROVICH is entitled to the recovery of attorneys fees from CONDOTTI and/or TAUBER pursuant to the provisions of the Act.

42.    <u>Reservation of Right to Amend:</u>    ZOROVICH believes that the above described conduct was willful, wanton, malicious and reserves the right to amend this Complaint to seek exemplary and punitive damages.

Wherefore ZOROVICH prays for entry of Judgment against CONDOTTI and TAUBER for compensatory damages for lost earnings, lost retirement benefits and other employee benefits; and humiliation, mental pain and anguish, reasonable attorneys fees, the costs of this action and for such other and further relief as this court deems just and proper.

## COUNT V
## VIOLATION OF STATE LAW - RETALIATORY DISCHARGE

Plaintiff repeats and realleges the allegations of Paragraph 1 through 10 above as if fully set forth herein and further alleges:

43.    <u>The Act:</u>    This action arises under the Florida Civil Rights Act of 1992, Florida Statutes §§760.01 through 760.11 (the "Act").

44.    <u>Person:</u>    ZOROVICH is a "person" within the meaning of the Act.

45.    <u>Employer:</u> CONDOTTI is an "employer" within the meaning of the Act.

-12-

Claudia Zorovich v.
Condotti Shops USA, Inc.
and Irwin E. Tauber, Individually

46.    Retaliatory Conduct: ZOROVICH was terminated, in whole or in part, as a consequence of her support of another female employee of CONDOTTI whom ZOROVICH believed was wrongfully terminated for her refusal to acquiesce to the sexually harassing and discriminatory work environment created by TAUBER at CONDOTTI.

47.    Unlawful Conduct:    The conduct of CONDOTTI, as more particularly described above, constitutes unlawful harassment and discrimination in violation of the Act.

48.    Damages:    As a proximate result of the conduct of CONDOTTI, as more particularly described above, ZOROVICH has suffered and continues to suffer damages including, but not limited to:

        a.    substantial losses in earnings;

        b.    loss of retirement benefits and other employee benefits; and

        c.    humiliation, mental pain and anguish.

49.    Attorneys Fees:    ZOROVICH has retained the undersigned attorneys to represent her in this action and has agreed to pay a reasonable fee for services rendered herein. ZOROVICH is entitled to the recovery of attorneys fees from CONDOTTI pursuant to the provisions of the Act.

50.    Reservation of Right to Amend:    ZOROVICH believes that the above described conduct was willful, wanton, malicious and reserves the right to amend this Complaint to seek exemplary and punitive damages.

        Wherefore ZOROVICH prays for entry of Judgment against CONDOTTI for compensatory

-13-

Claudia Zorovich v.
Condotti Shops USA, Inc.
and Irwin E. Tauber, Individually

damages for lost earnings, lost retirement benefits and other employee benefits, for humiliation, mental pain and anguish, reasonable attorneys fees, the costs of this action and for such other and further relief as this court deems just and proper.

### COUNT VI
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff repeats and realleges the allegations of Paragraph 1 through 10 above as if fully set forth herein and further alleges:

51.     Hostile Work Environment/Gender Discrimination: As more particularly set forth herein, TAUBER exhibited no regard for female employees, regardless of their rank.  As a result, ZOROVICH was subjected to a hostile work environment that was detrimental to ZOROVICH's emotional health and interfered with the performance of her professional responsibilities.

52.     Hostile Conduct endured by ZOROVICH: During the course of her 5 ½ months of employment, ZOROVICH endured the following wrongful conduct:

a.     Overt Discriminatory Remarks:     At her interview, ZOROVICH overheard TAUBER's secretary say, "she's young and very good-looking, you're going to like her".  TAUBER then conducted the interview by improperly asking ZOROVICH what her family plans were and when she intended to have children.  TAUBER further went on to state his intolerance for a woman's family demands superseding work.

b.     Overt Sexual Advances: TAUBER made overt sexual advances to ZOROVICH both during a buying trip to Italy and during her tenure as senior management.

-14-

Claudia Zorovich v.
Condotti Shops USA, Inc.
and Irwin E. Tauber, Individually

c.    Covert Sexual Advances:    TAUBER appeared to find it scintillating to control women and order them to model clothes. Even though ZOROVICH was not employed as a model, in inappropriate circumstances, TAUBER required ZOROVICH to model uniforms, and other clothing. While on the buying trip, TAUBER took ZOROVICH shopping for a bed for his home, a bathrobe and wanted her to ride on a moped with him.

d.    Overt Leering: TAUBER made no secret of his desire to leer at models on an almost daily basis, paraded them throughout the store and exhibited inappropriate giddiness as he reviewed their photographs and chose the models.

e.    Disparate Compensation: Similarly situated female employees of CONDOTTI received vastly different compensation plans to wit: the better looking the employee, the better the commission structure and wage.

53.    Extreme and Outrageous Character of Conduct:    TAUBER's conduct, as more particularly described above, went beyond all possible bounds of decency and was outrageous in character.

54.    Intent of TAUBER:    TAUBER engaged in the above described conduct with the deliberate intent to inflict severe emotional distress upon ZOROVICH and/or acted with a reckless disregard of the probability of causing severe emotional distress to ZOROVICH.

55.    Suffering by ZOROVICH:    In fact, ZOROVICH suffered severe emotional distress as the result of TAUBER's conduct.

-15-

Claudia Zorovich v.
Condotti Shops USA, Inc.
and Irwin E. Tauber, Individually

56.    Reservation of Right to Amend:    ZOROVICH believes that the above described
conduct was willful, wanton, malicious and reserves the right to amend this Complaint to seek
exemplary and punitive damages.

Wherefore ZOROVICH prays for entry of Judgment against TAUBER for compensatory
damages for emotional distress including, but not limited to, humiliation, mental pain and anguish,
the costs of this action and for such other and further relief as this court deems just and proper.

Dated this 26th day of Sept., 1997.

GRUMER & LEVIN, P.A.
Counsel for Plaintiff
One East Broward Boulevard
Suite 1705
Ft. Lauderdale, Florida 33301
(954) 713-2700
(954) 713-2713 Fax

By: _____
KEITH T. GRUMER, ESQ.
Fla. Bar No.  504416

-16-

**EXHIBIT "A"**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# NOTICE OF RIGHT TO SUE

*(ISSUED ON REQUEST)*

| To: | From: |
|---|---|
| Claudia H. Zorovich<br>7811 Miami View Drive<br>North Bay Village, FL 33141<br><br>☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL*<br>*(29 C.F.R. 1601.7(a))* | **Miami District Office**<br>**Equal Employment Opportunity Commission**<br>**One Biscayne Tower, Suite 2700**<br>**2 South Biscayne Boulevard**<br>**Miami, Florida 33131-1805** |

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 15C970047 | James Colon, State & Local Coordinator | (305) 536-4454 |

(See the additional information attached to this form.)

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act(ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your suit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred _more than 2 years (3 years)_ before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court compliant to this office.

On Behalf of the Commission

**SEP 2 4 1997**

_____
(Date Mailed)

For _____
Federico Costales, District Director

Enclosures
Information Sheet
Copy of Charge

cc:  Keith t. Grumer
     Attorneys at Law
     One East Broward Boulevard
     Suite 1705
     Fort Lauderdale, Florida 33301

     Ellen M. Leibovitch
     Adorno & Zeder
     A Professional Association
     2601 South Bayshore Drive
     Suite 1600
     Miami, Florida 33133

EEOC Form 161-B (10/96)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file lawsuit against the respondent(s) named in the charge **within 90 days of the date you receive this Notice**. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was mailed to you** (as indicated where the Notice is signed).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit before 7/1/98 -- not 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charges are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

**IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.**

**EXHIBIT "B"**



June 28, 1996

Mrs. Claudia Zorovich;
7811 Miami View Dr.
North Bay Village, Fl 33141

Dear Mrs. Zorovich;

We are very impressed with your qualifications, and after consideration, we have decided that you are the ideal choice for the position of Corporate Merchandising/Administrative Store Director.

Congratulations and welcome aboard!

The terms are as we discussed in the interview.

The Compensation Package is:

| July 15-Dec 31,1996 | Base Salary $ 108.000.00<br>Plus 1.0% of increased profits over $7.000.000<br>(pro-rated from July- dec31'96)<br>(50% payable quarterly, balance at end of year) |

| Jan 1-Dec 31, 1997 | Base Salary $ 115.000.00<br>Plus 1.5% of increased Profits over $7.500.00.00<br>(50% payable quarterly, balance at end of year) |

The plan will include New Store openings and Distribution.

You'll have 1 week vacation for the period ending Dec 1997, and two weeks per year thereafter. You will receive Free of charge a Bal Harbour Shops parking pass.

We will mutually review this agreement on Jan 1, 1998

I look forward to working closely with you, if you have any questions please call me, If not we will see you on July 15, 1996

Very Truly Yours

Irwin Tauber
President/CEO
Condotti Shops USA Inc.

**CONDOTTI SHOPS USA, INC.**
**CORPORATE OFFICE**

9700 Collins Avenue, Suite 303, Bal Harbour, FL 33154  Telephone: 305-861-8181  Facsimile: 305-861-9736

| BAL HARBOUR SHOPS<br>Bal Harbour, FL | THE GALLERIA<br>Houston, TX | SOUTH COAST PLAZA<br>Costa Mesa, CA | FAIRFAX SQUARE<br>Vienna, VA | RODEO DRIVE<br>Beverly Hills, CA |

**EXHIBIT "C"**



**FENDI**

December 13, 1996

Claudia Zorovitch
7811 Miami View DR
N.Bay Village, Fl 33141

Dear Mrs. Zorovitch.

As you are well aware, the results of operation for Condotti Shops has not improved substantially over the past 6 months. In order to solidify our business, we with much regret have to inform you that we can no longer continue to support a person of your caliber and income level.

We are therefore forced to terminate your employment on Friday December 13, 1996.

We will naturally compute any outstanding income due to you within the next week and forward payment.

I want to thank you for your hard work and effort, and wish you all the best in your future endeavors. If I can assist you in any way please feel free to be in touch with me.

Sincerely Yours

Irwin E.Tauber
President
Condotti Shops Inc.

**CONDOTTI SHOPS USA, INC.**
**CORPORATE OFFICE**

9700 Collins Avenue, Suite 303, Bal Harbour, FL 33154  Telephone: 305-861-8181  Facsimile: 305-861-9736

| BAL HARBOUR SHOPS | THE GALLERIA | SOUTH COAST PLAZA | FAIRFAX SQUARE | RODEO DRIVE |
| Bal Harbour Fl | Houston TX | Costa Mesa CA | Vienna VA | |

**EXHIBIT "D"**



December 13, 1996

Ms. Claudia Zorovich
7811 Miami View Dr.
N. Bay Village, Florida 33141

Dear Ms. Zorovich:

As per our conversation and your request, enclosed please find our check covering your last two weeks of employment from December 2, 1996 to December 13, 1996, as well as your expenses of $645.85 for your last trip to California.

Please sign were appropriate confirming that you have received this check and that you agree that there is **no other claim** on your part towards Condotti Shops USA.

Wishing you the best in your future endeavors.

Cordially,

Felix F. Ruiz
Controller

Received & Accepted:

Claudia Zorovich

CONDOTTI SHOPS USA, INC.
CORPORATE OFFICE

9700 Collins Avenue, Suite 303, Bal Harbour, FL 33154   Telephone: 305-861-8181   Facsimile: 305-861-9736

| BAL HARBOUR SHOPS | THE GALLERIA | SOUTH COAST PLAZA | FAIRFAX SQUARE | RODEO DRIVE |
| Bal Harbour, FL | Houston, TX | Costa Mesa, CA | Vienna, VA | Beverly Hills, CA |

CIVIL COVER SHEET

# 97-3113

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CIV-UNGARO-BENAGES**

**MAGISTRATE JUDGE BANDSTRA**

## I (a) PLAINTIFFS

Claudia Zorovich

## DEFENDANTS

Condotti Shops USA, Inc., a Florida corp., and Irwin E. Tauber, individually,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

A dade / 97 cv 3113 / Ungaro-Benages / Bandstra

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Grumer & Levin, P.A.
One E. Broward Blvd., # 1705
Ft. Laud., FL 33301 (954) 713-2700

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Discrimination

IVa. _____ days estimated (for both sides) to try entire case.

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | B ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | B ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus** | ☐ 790 Other Labor Litigation | **A FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | B ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B ☐ 540 Mandamus & Other | | | ☆ ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☆ ☐ 550 Civil Rights | | | |
| | | ☆ A or B | | | ☆ A or B |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Refiled
Transferred from ☐ 5 another district (specify)
☐ 6 Multidistrict Litigation
Appeal to District ☐ 7 Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
9/26/97

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F   I-2

FOR OFFICE USE ONLY:   Receipt No. 682243   Amount: 150.00